UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BASHAN TAYLOR,

               Plaintiff,

   - against -

SOCIAL SECURITY ADMINISTRATION,

               Defendant.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

11 CV 1551 (RJD) (LB)

DEARIE, District Judge.

      Plaintiff Bashan Taylor sues the Social Security Administration for deducting Medicare Part B premiums from his disability benefits to cover the period Taylor was imprisoned. Taylor appears pro se and in forma pauperis. Defendant moves to dismiss under Rules 12(b)(6) and 12(b)(1). Because plaintiff fails to state a legal basis for relief, the Court grants defendant's motion to dismiss.

      Federal agencies, like the SSA, must consent to suit because the agencies are protected by sovereign immunity. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). The Social Security Act does not enable private plaintiffs to sue the SSA for monetary damages, and Taylor does not allege any other possible basis for his claims.[1] See Schweiker v. Chilicky, 487 U.S. 412, 429 (1988). Taylor also names the following "[p]arties" on the face of his complaint: "Mr. Hernandez[,] Operation Supervisor[,] Social Security Administration" and "Mr. Bradshaw[,] Operation Supervisor[,] Social Security Administration." Plaintiff did not serve Hernandez or Bradshaw; neither has appeared in the case; and this Court lacks personal jurisdiction over them. See Wright & Miller, Fed. Prac. & Proc. Civ. § 1063 (3d ed.). Were Taylor to properly serve Hernandez and Bradshaw, the Court would still lack jurisdiction over

---

[1] Taylor invokes jurisdiction under Rule 8(a), which imposes pleading requirements but does not confer jurisdiction.

them, because a money damages suit against SSA officers in their official capacities is considered a suit against the SSA and barred by Meyer. See 510 U.S. at 476. Suit against Hernandez and Bradshaw in their individual capacities is barred by Schweiker v. Chilicky. 487 U.S. at 429 (damages suit against SSA officials for denial of disability benefits "unavailable as a matter of law").

To the extent that plaintiff seeks any other remedy, the Court grants defendant's motion to dismiss for failure to state a claim. Taylor appears to object to $12,000 in deductions from his disability benefits for Medicare Part B premiums between October 2003 and February 2008. See Ex. A, Compl. Federal law provides for automatic enrollment of disability beneficiaries like Taylor in Medicare Part B (see 42 C.F.R. § 406.12(a)(1); § 407.17(a)(2)) and authorizes deduction of Part B premiums from the recipient's disability benefits (see 42 U.S.C. § 1395(s)(a)(1)).[2] Plaintiff also objects to $551 in deductions for Part B premiums accrued during his imprisonment, which were deducted once Taylor's disability benefits resumed, following his release. Ex. A, Compl. If a recipient's disability benefits are temporarily suspended, as Taylor's were during his imprisonment, the SSA's Program Operations Manual anticipates that the recipient will directly pay for his Medicare Part B premiums. See POM, HI 10001.20(B)(1). If the recipient does not pay directly, the premiums may be deducted from his disability benefits once the benefits are reinstated. See id. In Taylor's case, it appears that the SSA deducted his overdue premiums once Taylor started receiving disability benefits again. Taylor does not allege that he was overcharged; his complaint seems to be with the fact that he was charged at all.

---

[2] See public version of SSA's Programs Operations Manual, HI 10001.020(B)(1), available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0601001020#a (last visited 8/10/12).

2

For the reasons stated above, the Court grants defendant's motion to dismiss under 12(b)(1) and 12(b)(6). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore in forma pauperis status is denied for the purpose of an appeal.

SO ORDERED.

Dated: Brooklyn, New York
August 20, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

3